# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 2 C 2298 | DATE | 12/20/2004 |
| CASE TITLE | Jamsports and Entertainment, LLC vs. Paradama Productions, Inc. et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the reasons stated above, the Court denies the Clear Channel defendants' motion to certify the order of 11/22/1994 for the interlocutory appeal [262-1]. The Clerk is also directed to terminate motions [202-1], [203-2], and [217-1], as these have been ruled upon in prior orders.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 21 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | rbf | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED'04 | | |
| TSA | courtroom deputy's initials | 04 DEC 21 AM 8:13 | date mailed notice | |
| | | U.S. DI Date/time received in Central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMSPORTS AND ENTERTAINMENT, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 02 C 2298 |
| PARADAMA PRODUCTIONS, INC., et al., | ) ) ) | |
| Defendants. | ) | |

**DOCKETED DEC 2 1 2004**

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendants Clear Channel Communications and two of its subsidiaries, which constitute one of the two groups of defendants in this case, have moved the Court under 28 U.S.C. § 1292(b) to certify to the Court of Appeals the question whether *Fishman v. Wirtz*, 807 F.2d 520 (7th Cir. 1986), is still viable to the extent it permits a private plaintiff to recover damages in an action under section 2 of the Sherman Act, 15 U.S.C. § 2, without proof of injury to consumers. For the reasons stated below, the Court denies Clear Channel's motion.

### Discussion

1. **The standard under § 1292(b)**

Under section 1292(b), a district court may certify an otherwise non-appealable order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from that order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). To put it



another way, certification should be granted only if there is a contestable and controlling question of law, the resolution of which will hasten the end of the litigation. *Ahrenholz v. Board of Trustees of Univ. of Illinois,* 219 F.3d 674, 675 (7th Cir. 2000). If the statutory criteria are met, the Court has the duty to allow an interlocutory appeal. *Id.* at 677.

A question of law is "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine," *id.* at 676, in other words "an abstract legal issue." *Id.* at 677. Such a question is "controlling" if "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.,* 86 F.3d 656, 659 (7th Cir. 1996).

## 2. The ruling at issue

We begin with a bit of background. As discussed in the Court's summary judgment ruling, in *Fishman* the Seventh Circuit rejected the defendant's argument that competition to acquire a monopoly was not protected by the antitrust laws, on the ground that substituting one competitor for another does not injure competition. *Fishman,* 807 F.2d at 533. The court stated that "use of monopoly power to preclude [competition to acquire a natural monopoly] violate[s] the Sherman Act," *id.* at 533, and it specifically rejected the contention that the plaintiff's "fail[ure] to articulate just how the ultimate consumers ... will be hurt by this violation" was fatal to its claim. *Id.* at 535. The court noted that the Supreme Court has "stressed that the antitrust laws seeks to protect competition, as well as to protect those activities that will promote competition. The antitrust laws are concerned with the competitive process, and their application does not depend in each particular case upon the ultimate demonstrable consumer effect. A healthy and competitive process is presumed to be in the consumer interest." *Id.* at 536.

2

The Court determined, in the course of an *in limine* ruling, that JamSports could pursue at trial a *Fishman* theory of liability, in other words, a theory that section 2 was violated even if all that happened was that it was prevented from displacing Clear Channel as a monopolist, without any specific evidence of harm to consumers. Clear Channel had previously argued, in seeking summary judgment, that *Fishman* no longer represents good law. The Court was not required to address the point at that time, as JamSports had an alternative theory of section 2 liability as to which genuine issues of fact precluded summary judgment. *JamSports and Entertainment, LLC v. Paradama Productions, Inc.*, 336 F. Supp. 2d 824, 836-37 (N.D. Ill. 2004). But in the course of a later *in limine* ruling, the Court determined that JamSports could pursue at trial what we have described as a *Fishman* theory. *JamSports and Entertainment, LLC v. Paradama Productions, Inc.*, No. 02 C 2298, slip op. at 4 (N.D. Ill. Nov. 22, 2004). That determination, though it is not an "order" strictly speaking, is what Clear Channel wants the Court to certify for interlocutory appeal.

3.   **Controlling question of law?**

The viability of *Fishman's* holding is clearly a question of law. It is somewhat less clear whether it is a controlling question in this case, even under the relatively relaxed definition that term is given under § 1292(b). First, as noted above, when the Court denied Clear Channel's summary judgment motion, we sustained JamSports' section 2 claim based on a theory that did not require reliance on *Fishman*. Specifically, the Court determined that JamSports could sustain a claim that it was excluded not simply from becoming a replacement monopolist, but rather from becoming a competitor of Clear Channel. *JamSports*, 336 F. Supp. 2d at 836. Thus JamSports' section 2 claim does not "depend on whether *Fishman* [is] still good law." *Id.*

3

In addition, it is not clear that JamSports' alternative theory of liability would fall along with *Fishman*. Clear Channel cites, and appears to acknowledge as binding irrespective of the viability of *Fishman*, the Seventh Circuit's decision in *Ball Memorial Hospital, Inc. v. Mutual Hospital Ins., Inc.*, 784 F.2d 1325, 1338 (7th Cir. 1986), which it quotes for the following proposition: "[s]ometimes injury to rival firms can be a precursor to injury to consumers; after knocking rivals out of a market, a firm may curtail output and raise price. Section 2 may be used to prevent this conduct." *See* Mot. to Certify at 3. Though the court went on to say that section 2 "must be used with the greatest caution" in that context, it plainly did not rule out the possibility of liability.

The dichotomy between what we have called JamSports' "*Fishman*" and "non-*Fishman*" theories may not be as clear as Clear Channel suggests. In contrast to *Fishman*, the alleged market in this case is not necessarily a natural monopoly in which only one supercross promoter could exist. And even if all that happened was that JamSports was prevented from replacing Clear Channel as the promoter of the AMA Pro supercross series, JamSports has consistently contended that it has evidence supporting a finding that consumers *were* injured by Clear Channel's allegedly anticompetitive conduct.

That said, it is conceivable that JamSports may present at trial alternative theories of liability which may require separate instructions to the jury. Some of Clear Channel's defenses may differ as between these two alternative theories. The Court is willing to assume for purposes of discussion that the viability of *Fishman* may "affect the further course of the litigation." *Sokaogon*, 86 F.3d at 659.

### 4. Substantial ground for difference of opinion?

Assuming the viability of *Fishman* constitutes a "controlling question of law" in this case, a "substantial ground for difference of opinion" plainly exists. Some later Seventh Circuit decisions have approvingly cited Judge Easterbrook's dissent in *Fishman*, and there is language in several of those decisions to the effect that "injury to ... consumers is ... an essential ingredient of liability," *see Flip Side Productions, Inc. v. Jam Productions, Inc.*, 843 F.2d 1024, 1032 (7th Cir. 1988). It is true that *Fishman* has not been overruled by the Seventh Circuit. *See Banks v. NCAA*, 977 F.2d 1081, 1097 (7th Cir. 1992) (Flaum, J., concurring in part and dissenting in part) (noting the "split" in the court's decisions). And as JamSports notes, a decision of a panel of a court of appeals typically can be overruled only by the court sitting *en banc*. *See Anastasoff v. United States*, 223 F.3d 898, 904 (8th Cir. 2000). But were the Seventh Circuit to accept an interlocutory appeal in the present case, it could determine to consider the case *en banc* and thus appropriately consider formally overruling *Fishman*.

JamSports also notes that the rule of *Fishman* stems from the Supreme Court's decision in *Otter Tail Power Co. v. United States*, 410 U.S. 366 (1973), and that the Seventh Circuit is no more privileged to ignore the Supreme Court's decisions than this Court is to ignore the Seventh Circuit's decisions. But that does not compel denial of Clear Channel's request for certification. It would be one thing if *Otter Tail* dictated the result in *Fishman*, but that does not appear to have been the case; rather the Seventh Circuit concluded that *Otter Tail* "strongly suggest[ed]" that no requirement of consumer injury existed in the context of a natural monopoly. *Fishman*, 807 F.2d at 536.

5

## 5. Materially advance the ultimate termination of the litigation?

Clear Channel's request for certification founders on the requirement of a finding that an immediate appeal "may materially advance the ultimate termination of the litigation." Although one reason to grant certification under § 1292(b) is to avoid a trial that "could prove to be a useless exercise," *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1262 (7th Cir. 1980), such is not the case here. A trial of JamSports' section 2 claim would be required even if the Seventh Circuit were to inter *Fishman* in an interlocutory appeal; the Court has sustained JamSports' claim on summary judgment on a theory that does not depend on *Fishman*. A trial will be required on that claim, as well as on JamSports' breach of contract claims against AMA Pro and its tort claim against Clear Channel, irrespective of the *Fishman* issue.[1] *See Matter of Hamilton*, 122 F.3d 13, 15 (7th Cir. 1997) (denying leave for § 1292(b) appeal when state law claims were unaffected by the interlocutory order).

For this reason, allowing an interlocutory appeal would "hasten the end of the litigation," *Ahrenholz*, 219 F.3d at 675, only if conducting a trial as things currently stand would lead to an inevitable remand for a new trial if, following a verdict for JamSports, the Seventh Circuit were to determine *Fishman* is no longer viable. It is difficult to imagine how that could occur. First, as explained earlier, it is unclear whether JamSports requires *Fishman* to be viable to sustain its claim. Second, even if JamSports proceeds on alternative theories of liability, there is nothing

---

[1] Even if the antitrust claims were taken out of the case entirely, diversity jurisdiction would still exist, and the case would go ahead on the contract and tort claims. In response to questions asked at oral argument on the present motion, counsel for each party confirmed that the trial would not be materially shorter even if the antitrust claims were removed from the case (unless the Court were to grant a motion *in limine* filed by Clear Channel seeking exclusion of certain evidence).

6

particularly unusual about instructing juries on alternative theories, with different and sometimes contradictory elements, arising out of a single set of facts. To cite a few examples: negligence, strict liability, and breach of warranty in a personal injury or product liability case; negligent misrepresentation and fraud in a business tort case; or first degree murder, second degree murder, and manslaughter in a homicide case. In this case as in those, contrary to Clear Channel's claims, the jury *can* be "simply asked to determine which of the two standards is satisfied by the particular facts of the case." Mot. to Certify at 7. Specifically, if alternative theories of liability under section 2 are pursued, separate "elements" instructions can be given on each theory. These will be no more contradictory than separate elements instructions in other types of cases that, as in the above examples, rely on inconsistent intent requirements. The Court is confident that with careful instructions and, if necessary, special interrogatories, the case can be tried and a verdict returned that will distinguish between the two theories of antitrust liability (assuming JamSports pursues both theories), such that a retrial will not be required even if the Seventh Circuit later determines that *Fishman* is no longer good law.

Finally, granting an interlocutory appeal in this case would delay, not advance, the ultimate termination of this litigation. The parties are on the verge of trial and have engaged in significant preparation, and the Court has set aside the necessary time for the trial and has moved other scheduled trials to accommodate this one. Were an interlocutory appeal allowed, the trial date would have to be vacated. The appeal, if permitted by this Court and accepted by the Seventh Circuit (which likely would occur, at the earliest, in late January), likely would not be resolved for at least six months. At that point, given the length of the anticipated trial and the need to find an open period of around six weeks, the case likely could not be tried until well into

7

the year 2006. Even were an appeal to proceed at lightning speed and somehow get resolved in the spring of 2005, a trial could not possibly be held until, at the earliest, the tail end of 2005 or perhaps early 2006. If, by contrast, we proceed on the present schedule, there is a good chance that the *appeal* from the jury's verdict can be heard by early 2006.

The Seventh Circuit has recognized that interlocutory appeals tend to cause unnecessary delays in proceedings and waste judicial resources. *See Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998) (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 473-74 (1978)). Thus, the party seeking an interlocutory appeal must show that "'exceptional circumstances justify the departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *Coopers & Lybrand*, 437 U.S. at 475 (quoting *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)). Clear Channel has failed to make the necessary showing in this case. Certification of the Court's order permitting JamSports to argue its *Fishman* theory to the jury "would prolong the life of the litigation at all the parties' expense, rather than streamlining proceedings. ... The defendants' claims of error are remediable on appeal." *Maljack Productions, Inc. v. Survival Anglia Ltd.*, No. 97 C 789, 1999 WL 182154, *4 (N.D. Ill. Mar. 24, 1999).[2]

## Conclusion

For the reasons stated above, the Court denies the Clear Channel defendants' motion to certify the order of November 22, 1994 for interlocutory appeal [docket # 262-1]. The Clerk is

---

[2] The discussion in Clear Channel's brief that it is concerned that some significant part of the testimony of its expert witness will be inconsistent with reliance on a *Fishman* theory. Though the Court can certainly understand this concern, the problem, if it exists, likely resulted from a tactical decision at some level. Relieving a party from the consequences of that type of decision is not a basis to permit an interlocutory appeal.

also directed to terminate motions 202-1, 203-2, and 217-1, as these have been ruled upon in prior orders.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 20, 2004