# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JAMSPORTS AND ENTERTAINMENT, LLC, )
)
        Plaintiff, )
)
vs. )   Case No. 02 C 2298
)
PARADAMA PRODUCTIONS, INC., et al., )
)
        Defendants. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Following the conclusion of the plaintiff's case, the Clear Channel defendants moved for judgment as a matter of law on Count 18, JamSports' claim of tortious interference with prospective economic advantage. Clear Channel's primary argument is that such claims can, as a matter of law, be premised only upon actions directed at the third party with whom the plaintiff had a business expectancy. In this case, that would be AMA Pro. JamSports' claim, however, is premised upon Clear Channel's actions vis-a-vis other entities, such as stadiums, original equipment manufacturers, and so on.

Clear Channel relies on a number of cases that say that under Illinois law, "liability for tortious interference may only be premised on acts immediately directed at a third party which cause that party to breach its contract with the plaintiff." *George A. Fuller Co. v. Chicago Coll. of Osteopathic Medicine,* 719 F.2d 1326, 1331 (7th Cir. 1983); *Mitchell v. Weiger,* 87 Ill. App. 3d 302, 305, 409 N.E.2d 38, 31 (1980). But context is everything. The courts in *Fuller* and *Mitchell* were dealing with the question of whether acts directed *at the plaintiff* can be the basis

for a tortious interference claim. The courts answered that question in the negative; their comments were made in that context. They were not dealing with the scenario offered by JamSports in this case: actions taken vis-a-vis others that are claimed to have been intended to, and to have caused, a third party to terminate its prospective relationship with the plaintiff. In short, none of the cases cited by Clear Channel precludes a claim for tortious interference with prospective advantage in the situation present in this case.

There are, however, no Illinois cases that directly approve a claim in the present situation either. It is therefore left to the Court to determine how an Illinois court would decide that issue if it was presented. Illinois courts have frequently relied on the Restatement (Second) of Torts in assessing tortious interference claims, and there is every reason to believe they would do so in the present context as well. *See, e.g., Swager v. Couri*, 77 Ill. 2d 173, 190, 395 N.E.2d 921, 928 (1979) (citing Restatement § 767); *Soderlund Bros., Inc. v. Carrier Corp.*, 278 Ill. App. 3d 606, 616, 663 N.E.2d 1, 8 (1996) (relying on Restatement § 768); *Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.*, 190 Ill. App. 3d 524, 528, 546 N.E.2d 33, 37 (1989) (relying on Restatement § 767); *Michigan Ave. Nat'l Bank v. State Farm Ins. Cos.*, 83 Ill. App. 3d 507, 513, 404 N.E.2d 426, 431 (1980) (same); *Candalaus Chicago, Inc. v. Evans Mill Supply Co.*, 51 Ill. App. 3d 38, 48, 366 N.E.2d 319, 326 (1977) (relying on Restatement § 768).

Section 767 of the Restatement, which concerns the determination of whether interference is improper, deals in a comment with the issue presented here:

> *h. Proximity or remoteness of actor's conduct to interference.* One who induces a third person not to perform his contract with another interferes directly with the other's contractual relation. The interference is an immediate consequence of the conduct, and the other factors need not play as important a role in the determination that the actor's interference was improper. The actor's

conduct need not be predatory or independently tortious, for example, and mere knowledge that this consequence is substantially certain to result may be sufficient.

If, however, A induces B to sell certain goods to him and thereby causes him not to perform his contract to supply the goods to C, this may also have the effect of preventing C from performing his contractual obligations to supply them to D and E. C's failure to perform his contracts is a much more indirect and remote consequence of A's conduct than B's breach of his contract with C, even assuming that A was aware of all of the contractual obligations and the interference can be called intentional. This remoteness conduces toward a finding that the interference was not improper. *The weight of this factor, however, may be controverted by the factor of motive if it was the actor's primary purpose to interfere with C's obligation to D and E, or perhaps by the factor of the actor's conduct if that conduct was inherently unlawful or independently tortious. ...*

Restatement (Second) of Torts § 767 (1979 & Supp. 2004) (emphasis added).

The Court concludes that Illinois law does not preclude a tortious interference claim in this scenario, as it is likely that the Illinois courts would be guided by section 767 of the Restatement if faced with the issue. In this case, there is evidence from which a jury reasonably could find that Clear Channel's purpose in its actions vis-a-vis parties other than AMA Pro was to interfere with the prospective AMA Pro - JamSports relationship. In addition, there is evidence from which a jury could find that Clear Channel's conduct was "inherently unlawful or independently tortious"; the Court has previously concluded that JamSports' antitrust claim, which is premised on the same actions underlying the tortious interference claim, is supported by sufficient evidence to require it to be decided by the jury. Based on this evidence, the Court likewise concludes that the jury must determine the tortious interference claim.[1]

---

[1] It may be appropriate to modify the proposed jury instructions to reflect the factors set forth in § 767 of the Restatement (or elsewhere) as matters the jury should consider in determining whether Clear Channel's alleged interference was "unjustifiable," an element of the claim for tortious interference with prospective advantage.

3

The Court also rejects Clear Channel's contention that it is entitled to judgment on Count 18 due to the "competition privilege" and because of the purported lack of evidence of causation. The evidence is sufficient for a reasonable jury to find in JamSports' favor on these points.

**Conclusion**

For the reasons stated above, the Court denies the Clear Channel defendants' motion for judgment as a matter of law with regard to Count 18.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: March 13, 2005